STATE OF WEST VIRGINIA

Paul White,
Petitioner Below, Petitioner

**FILED**

June 28, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs) No. 12-0999 (Webster County 11-P-11)

Marvin Plumley, Warden
Respondent Below, Respondent

## MEMORANDUM DECISION

Petitioner Paul White, by counsel Steven B. Nanners, appeals the circuit court's order entered July 30, 2012, denying his petition for writ of habeas corpus. Warden Plumley[1] of Huttonsville Correctional Center, by counsel Scott E. Johnson, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

After being indicted by grand jury, petitioner entered a guilty plea for malicious assault in a criminal proceeding before the Circuit Court of Webster County on January 4, 2008. Petitioner had a pending criminal case in Upshur County, wherein he was charged with first degree robbery, at the same time that the underlying criminal case was pending in Webster County. The agreed-upon plea agreement required guilty pleas in both cases and stated that

> [t]he State will make a non-binding recommendation that the defendant be sentenced to two to ten years in prison upon his conviction for malicious wounding in Webster County. . . . If the defendant is sentenced last in Webster County the prosecuting attorney in Webster County will stand silent as to whether the sentence in that county run consecutively or concurrently with any sentence imposed in Upshur County."

Whether the State complied with this provision at the sentencing hearing is at issue here. At the sentencing hearing, petitioner's counsel expressed that petitioner was sorry for what occurred in

---

[1]Pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure, we have replaced the respondent party's name with Warden Marvin Plumley. The initial respondent on appeal, Adrian Hoke, is no longer the warden of Huttonsville Correctional Center.

the case, that the victim provided a statement that she wished for petitioner to not be incarcerated for the offense, and that petitioner was currently serving a twenty-year term for a crime in Upshur County. Petitioner's counsel then stated as follows:

> But nevertheless we would ask that with respect to this . . . charge . . . that the Court grant [petitioner] probation upon his release in Upshur County. *Should the Court not feel that's appropriate, then we would ask the Court to consider concurrent sentencing*, particularly in light of the victim's statement, the victim's request that my client not receive incarceration.

(emphasis added) Following this request, the circuit court asked whether the State had anything to say and counsel for the State responded as follows:

> Judge, I don't know how he could be sorry for doing what he did when he didn't admit – If you recall, this was a *Kennedy* plea. . . . You know, the victim says what she says 'cause she's trying to marry the man, or has tried. But she does list her injuries: broken jaw bones, tooth went through my bottom lip. That alone shows the severity of the beating that we alleged here, and it deserves a prison sentence. And shortly after he committed this offense, of course, he committed an extremely serious crime in Upshur County which he's been sentenced for. We're required, Judge, since he has been sentenced in Upshur County, to stand silent as to whether this be consecutive or concurrent, so we will.

Petitioner was sentenced to two to ten years of incarceration and the sentence is to run consecutively with the sentence in Upshur County.

On June 11, 2011, petitioner filed a *pro se* petition for writ of habeas corpus in the circuit court. The circuit court appointed petitioner counsel and, after an omnibus hearing on December 12, 2012, ordered briefing of the issue of possible prosecutorial misconduct by the assistant prosecutor's breach of the plea bargain and ineffective assistance of counsel. After a hearing, the circuit court entered the order denying petitioner habeas corpus relief. In its order, the circuit court held that the assistant prosecutor's statement was within the rights reserved by the State because: the statement made was not prejudicial or influential, the State did not make any recommendation regarding whether the sentence imposed in Webster County should run consecutively or concurrently to the sentence imposed in Upshur County, and petitioner stated at the plea hearing that he understood that the court was not bound by the terms of the plea bargain agreement at sentencing. The petitioner appeals the denial of habeas corpus relief only on the basis of prosecutorial misconduct.

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

2

Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

Petitioner argues that the circuit court improperly found no breach of the plea agreement when it denied petitioner's habeas corpus petition. The Court has carefully considered the merits of each of petitioner's arguments as set forth in his brief. Petitioner's counsel at sentencing advocated two distinct sentencing possibilities: probation and concurrent sentences. The plea agreement required the State to be silent on the latter, but specifically required the State to advocate against the former by "mak[ing] a non-binding recommendation that the defendant be sentenced to two to ten years in prison . . ." for the offense. We agree with the State and the circuit court that the State's only comment at sentencing regarding concurrent or consecutive sentencing was the statement that they would be silent on the issue.

The circuit court did not abuse its discretion in denying petitioner's habeas corpus petition because the circuit court's order included specific findings of fact and conclusions of law in support of its ruling that the prosecutorial misconduct ground raised in the petition is without merit. Finding no error in the denial of habeas corpus relief, the Court incorporates and adopts the circuit court's detailed and well-reasoned "Order Denying Post-Conviction Habeas Corpus Petition" dated July 30, 2012, insofar as it addresses the assignments of error alleged herein, and directs the Clerk to attach the same hereto.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED**: June 28, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3